**HILL, FARRER & BURRILL LLP**
Neil D. Martin (Bar No. 094121)
nmartin@hillfarrer.com
G. Cresswell Templeton III (Bar No. 138398)
ctempleton@hillfarrer.com
Whitney B. Hastings (Bar No. 238964)
whastings@hillfarrer.com
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Plaintiff
ROGER PLUMLEY

FILED
CLERK, U.S. DISTRICT COURT
AUG -1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER PLUMLEY,<br><br>Plaintiff,<br><br>vs.<br><br>DOUG MOCKETT, an individual, DOUG MOCKETT & COMPANY, INC., a California corporation, INLAND PLASTICS, INC., a California corporation, and Does 1 through 10, inclusive,<br><br>Defendants | CASE NO. CV 04-2868 GHK (Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Having considered the parties' Joint Stipulation For Entry of [Proposed] Protective Order, and good cause appearing, the Court hereby orders, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

**Materials and Information that May Be Designated Confidential**

1. Provided that the materials or information meet the requirements of paragraphs 2 and 3 below, any person or entity ("Designating Party") may designate as "confidential" under this order: (a) any information or material produced, formally or informally, in response to a discovery request or subpoena in

- 1 -

this action; (b) any information or material produced pursuant to any disclosure obligations imposed by the Federal Rules of Civil Procedure or the Court's local rules; (c) any deposition testimony and deposition exhibits; (d) any information or material disclosed or produced on an informal basis; and (e) any material filed with the Court.

2. The following types of material and information may be designated as "confidential" under this protective order: (a) the Designating Party's: (i) proprietary information; (ii) trade secrets; and (iii) confidential research, development, and commercially sensitive business information; (b) information or material received in confidence from third parties; and (c) any other materials or information the Designating Party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3. The following material may not be designated "Confidential" under this Order:

(a) information that was, is or becomes public knowledge, not in violation of this protective order; or

(b) information that is acquired by the non-Designating Party from a third party having the right to disclose such information or material.

4. Should any party to this action seek discovery from a non-party, the non-party shall be notified of the existence of this protective order and provided with a copy of it. Such non-party or any party may thereafter designate materials, information, deposition testimony, or deposition exhibits to be produced by the non-party as "confidential" consistent with the terms and conditions of this protective order. To the extent the non-party chooses to utilize this procedure, the parties and non-parties shall, pursuant to this protective order, act with respect to such designated material, information, deposition testimony, and deposition exhibits in the same matter as if it had been designated by a party to this action.

## Materials and Information that May Be Designated Confidential-Attorneys' Eyes Only

5.  A Designating Party may designate as "Confidential-Attorneys' Eyes Only" under this order any confidential information as defined in paragraphs 1 through 4 which is of a particularly sensitive nature such that it would provide a significant advantage to the Designating Party's competitors, such as information concerning the Designating Party's business plans, financial information, marketing plans and projections, information about personnel or new business development plans, the disclosure of which information is likely to have the effect of harming the competitive position of the Designating Party.

## Method of Designation

6.  Written materials, deposition testimony, deposition exhibits, and other information claimed to be "confidential" or "confidential-attorneys' eyes only" shall be designated "confidential" or "confidential-attorneys' eyes only" under this protective order as follows:

   **(a) Written Material:** Written material (including without limitation production documents and written discovery responses), other than deposition transcripts and deposition exhibits, claimed to be "confidential" or "confidential-attorneys' eyes only" shall, prior to production or service, be designated as "confidential" or "confidential-attorneys' eyes only" by affixing on each page claimed to contain confidential information a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" stamp or legend in sufficiently large type and font size to afford reasonable notice to others of the designation;

   **(b) Deposition Testimony and Exhibits:** Deposition testimony or deposition exhibits claimed to be "confidential" or "confidential-attorneys' eyes only" shall be designated as "confidential" or "confidential-attorneys' eyes only" by either: (i) at the deposition, orally specifying on the record,

- 3 -

before the subject testimony occurs or the subject exhibit is testified to, which testimony or exhibit is claimed to be "confidential" or "confidential-attorneys' eyes only"; or (ii) within ten (10) calendar days after the Designating Party's receipt of the deposition transcript (whether by counsel or directly), notifying in writing all counsel of record of the transcript page and line numbers or the deposition exhibits claimed to be "confidential" or "confidential-attorneys' eyes only." To preserve a Designating Party's ability to comply with this provision, the parties to this case shall treat all deposition transcripts and deposition exhibits in this case as "confidential-attorneys' eyes only" for at least fourteen (14) calendar days after the party's counsel of record's receipt of the deposition transcript. Any portions of a transcript designated as "confidential" or "confidential-attorneys' eyes only" in accordance with this provision shall thereafter be treated in accordance with this protective order. In the event no designation is made in the specified manner and within the specified time, neither the deposition transcript nor the deposition exhibits shall be deemed confidential or confidential-attorneys' eyes only. Deposition testimony or deposition exhibits designated as "confidential" or "confidential-attorneys' eyes only" during deposition shall be bound in a separate volume and prominently marked by the court reporter on the caption page as "CONFIDENTIAL-SUBJECT TO COURT PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER"; and

**(c) Other Information:** Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated in the manner set forth above, shall be designated as "confidential" or "confidential-attorneys' eyes only" by: (a) notifying all receiving parties, in writing before the information is produced or shared, that the information is

claimed to be "confidential" or "confidential-attorneys' eyes only" under this protective order; and (b) identifying with reasonable particularity in such written notice the information claimed to be "confidential" or "confidential-attorneys' eyes only."

### Good Faith Designation

7. Before designating all or any portions of any material, information, deposition testimony, or deposition exhibit as "confidential" or "confidential-attorneys' eyes only," counsel for the Designating Party shall make a good faith determination that protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

### Use of Confidential and Confidential-Attorneys' Eyes Only Materials, Information, and Deposition Transcripts

8. All materials, information, deposition testimony, and deposition exhibits designated "confidential" as provided in this protective order ("Confidential Material") or designated or "confidential-attorneys' eyes only" as provided in this protective order ("Confidential-Attorneys' Eyes Only Material") shall be used solely for the purpose of litigating this case and shall not be used for any other purpose, including, without limitation, any research, technical development, patent preparation or prosecution, direct or indirect competition with the Designating Party, or other litigation (administrative or judicial) function or purpose.

9. Confidential Material may be disclosed in connection with this action only as specified below:

   **(a) Parties and Counsel**: Confidential Material may be disclosed by receiving parties to outside counsel of record for the parties to this action (including legal assistants and regularly employed office staff) and to parties, officers, directors, and employees (including in-house counsel) of parties to this action. Receiving parties shall, prior to disclosing

Confidential Material to any of its officers, directors, or employees, provide such officers, directors, or employees with a copy of this protective order and notify her or him that he or she is subject to this protective order's terms and conditions.

**(b) Outside Consultants:** Confidential Material may be disclosed by a party's outside counsel of record to actual or potential expert witnesses, provided that, before any such disclosure, such expert has first signed an undertaking acknowledgment in the form attached to this protective order as Exhibit A.

**(c) Outside Photocopy, Document Production, and Exhibit Preparation Services:** Confidential Material may be disclosed by the receiving party to outside photocopying, document production, document database, and exhibit preparation services.

**(d) Court Personnel:** Confidential Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

**(e) Authors and Addresses:** Confidential Material may be disclosed by the receiving party to any person who appears as an author or addressee on the face of the document, provided the person has signed an acknowledgment in the form provided in Exhibit "A" to this protective order, or to any person who in fact has already received the document (not in violation of this Order).

**(f) Court Reporters, Interpreters and/or United States Consular Officials:** Confidential Material may be disclosed to certified court reporters, interpreters, and United States Consular officials in connection with taking testimony in this action.

**(g) Other Persons:** Confidential Material may be disclosed to other persons who are subsequently designated by agreement of all parties, or by

order of the Court upon motion by a party.

**(h) Deponents:** Outside counsel of record for a party may show or disclose Confidential Material to a deponent during a deposition. Where deposition testimony or a deposition exhibit is designated as "confidential" at a deposition, the Designating Party may exclude from the deposition all persons other than the deponent and persons identified above. If the deponent is not a person identified above, the deponent shall be shown a copy of this protective order, from which point forward, he or she shall be bound by it.

10. Confidential-Attorneys' Eyes Only Material may be disclosed in connection with this action only as specified below:

**(a) Counsel**: Confidential-Attorneys' Eyes Only Material may be disclosed by receiving parties to outside counsel of record for the parties to this action (including legal assistants and regularly employed office staff).

**(b) Outside Consultants/Experts:** Confidential-Attorneys' Eyes Only Material may be disclosed by a party's outside counsel of record to persons who are not a party or employed by any party and are retained by a party or its outside counsel of record in this litigation, for the purposes of assisting in preparation of this litigation, such as accountants, statisticians, economists, technical consultants, or other retained experts, provided that, before any such disclosure, such person has first signed an undertaking acknowledgment in the form attached to this protective order as Exhibit A

Consultants/experts shall not be parties or current or former employees, officers or directors of a party.

**(c) Court Personnel:** Confidential-Attorneys' Eyes Only Material filed with the Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

(d) **Authors and Addresses:** Confidential-Attorneys' Eyes Only Material may be disclosed by the receiving party to any person who appears as an author or addressee on the face of the document, provided the person has signed an acknowledgment in the form provided in Exhibit "A" to this protective order, or to any person who in fact has already received the document (not in violation of this Order).

(e) **Court Reporters, Interpreters and/or United States Consular Officials:** Confidential-Attorneys' Eyes Only Material may be disclosed to certified court reporters, interpreters, and United States Consular officials in connection with taking testimony in this action.

(f) **Other Persons:** Confidential-Attorneys' Eyes Only Material may be disclosed to other persons who are subsequently designated by agreement of all parties, or by order of the Court upon motion by a party.

11. Subject to the other provisions of this protective order, copies and extracts of Confidential Material and Confidential-Attorneys' Eyes Only Material may be made by or for the persons or entities authorized to have access to the Confidential Material and Confidential-Attorneys' Eyes Only Material pursuant to Paragraphs 9 and 10, respectively, of this Order, provided that all copies and extracts are appropriately marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**Third Party Requests for Confidential Material or Confidential-Attorneys' Eyes Only Material**

12. If any party to this action receives a subpoena from a third party that potentially calls for the production of Confidential Material or Confidential-Attorneys' Eyes Only Material, the party receiving the subpoena shall promptly notify and provide a copy of the subpoena to the Designating Party within ten (10) calendar days of receipt of the subpoena (or as soon as reasonably possible before the designated date of production if the return date on the subpoena is less than ten

days from the date of receipt). The party receiving the subpoena shall produce responsive Confidential Material or Confidential-Attorneys' Eyes Only Material unless the Designating Party seeks an order of this Court to prevent its disclosure within ten (10) business days of receiving notice of the subpoena, or such other time as the affected parties may agree.

### Court Procedure

13. **Filing Under Seal:** In all court applications, motions, and other pleadings containing or referencing Confidential Material or Confidential-Attorneys' Eyes Only Material, the parties shall comply with Local Rule 79-5.1 which states:

> "Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by

> Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed."

14. **Effect of Seal:** Unless otherwise ordered by the Court, any document, paper or thing filed under seal pursuant to this protective order shall be kept from public inspection. Nothing in this paragraph is intended to affect the normal records destruction policy of the United States Courts.

15. **Court Proceeding:** When Confidential Material or Confidential-Attorneys' Eyes Only Material is offered during any Court proceeding, any party may request that the Confidential Material or Confidential-Attorneys' Eyes Only Material remain "confidential." Such a request must be made at the time the document(s) is offered during the proceeding or at the conclusion of the hearing. In the event any Confidential Material or Confidential-Attorneys' Eyes Only Material is used in any hearing or other court proceeding, the party proffering the Confidential Material or Confidential-Attorneys' Eyes Only Material shall advise the Court and the other parties at the time the Confidential Material or Confidential-Attorneys' Eyes Only Material information is proffered. At that time, any party may request that the Court close the courtroom, but the decision of whether to do so rests solely with the Judge presiding at the hearing or proceeding.

**Objections**

16. A party may challenge the propriety of any "confidential" or "confidential-attorneys' eyes only" designation under this protective order at any time. A challenge may be made by serving on the Disclosing Party a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged. If the Designating Party fails to de-designate the material within ten (10) calendar days after personal or facsimile service (or fourteen (14) calendar days after mailing if service is by mail), or such other time as the parties may agree, the parties shall resolve the dispute in conformance with

- 10 -

the requirements of applicable Federal Rules of Civil Procedure and Local Rules, including Local Rule 26.1. With respect to any proceeding brought in connection with this protective order, the party seeking de-designation shall have the burden to show that the Confidential Material or Confidential-Attorneys' Eyes Only Material is relevant to the claim or defense of any party or that the Confidential Material or Confidential-Attorneys' Eyes Only Material is relevant to the subject matter involved in the action and that good cause exists for its being produced, and the Designating Party shall have the burden to show that protection is warranted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The original designations shall remain effective until three days after entry of an order de-designating the materials.

### No Prejudice

17.　Nothing in this Order shall preclude any party from seeking and obtaining additional protection or changes to the terms of this protective order.

18.　This protective order shall not diminish any existing obligation with respect to Confidential Material or Confidential-Attorneys' Eyes Only Material, nor prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

19.　Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this protective order shall not be admissible for any purpose during any proceeding on the merits of this action, except for purposes of proving that violation of this protective order has occurred.

20.　A party may seek by written agreement or court order to make late designations of material otherwise entitled to protection under this protective order if the party failed to make a timely designation through mistake or inadvertence and failed to correct such error within a reasonable time in accordance with the requirements set forth in the paragraphs above.

[PROPOSED] PROTECTIVE ORDER

### Final Disposition

21. Upon final termination of this action and at the written request of the Designating Party, any and all Confidential Material or Confidential-Attorneys' Eyes Only Material, and any and all copies and extracts of Confidential Material or Confidential-Attorneys' Eyes Only Material, shall be returned to the Designating Party or its counsel of record within fourteen (14) calendar days after the request is received or, alternatively, the receiving party shall provide to Designating Party or its counsel of record (again, within fourteen (14) calendar days of receipt), a certification that all such materials have been destroyed. Further, upon written request of the Designating Party, the receiving party and its counsel of record shall promptly provide copies of all signed acknowledgments obtained by the receiving party or counsel with respect to Confidential Material or Confidential-Attorneys' Eyes Only Material designated as such by the Designating Party. Notwithstanding anything else to the contrary in this provision, however, counsel of record may retain pleadings, attorney, consultant, actual or potential expert witness work product, depositions, transcripts and exhibits for archival purposes. Any tangible things produced shall be returned to the producing party upon final termination of this action.

### Inadvertent Failure to Make "Confidential Designation" or "Confidential-Attorneys' Eyes Only" Designation

22. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "confidential" or "confidential-attorneys' eyes only" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality or secrecy under any applicable law, either as to the specific information disclosed or as to any other related information or on the same or related subject matter. As reasonably soon as possible after becoming aware of any inadvertent failure to make a "confidential" or

- 12 -

"confidential-attorneys' eyes only" designation, the Designating Party shall notify the receiving party of the error and of the materials, information, deposition testimony, or deposition exhibits that should have been designated as "confidential" or "confidential-attorneys' eyes only" under this protective order. As soon as reasonably practicable after receiving such notice, the receiving party shall appropriately mark any unmarked materials, information, deposition transcripts, or deposition exhibits as "confidential" or "confidential-attorneys' eyes only" under this protective order. From that point forward, such material shall be treated as Confidential Material or Confidential-Attorneys' Eyes Only Material in accordance with this protective order.

### Inadvertent Production or Disclosure of Privileged Material

23. Counsel shall exert their best efforts to identify information or material protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such information or material. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights there under by inadvertent production. If within a reasonable time after information or material is disclosed, a producing party asserts that such information or material is protected by the attorney-client privilege or work product doctrine and was inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such information or material are returned promptly to the producing party. The cost, if any, for returning such materials by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the information or material had not been produced but shall not assert that a waiver occurred as a result of the production. If the Court determines that the assertion of privilege was not made within a reasonable time, any waiver of privilege extends

only to the inadvertently produced material and not to the subject matter disclosed therein.

### Inadvertent Disclosure of Confidential Material or Confidential-Attorneys' Eyes Only Material

24. In the event any Confidential Material or Confidential-Attorneys' Eyes Only Material is inadvertently disclosed by a receiving party, through inadvertence or otherwise, to any person or party not authorized under this protective order to receive Confidential Material or Confidential-Attorneys' Eyes Only Material, the party who inadvertently disclosed the Confidential Material or Confidential-Attorneys' Eyes Only Material shall promptly: (a) inform such person of the provisions of this protective order; (b) advise the Designating Party of the identity of any Confidential Material or Confidential-Attorneys' Eyes Only Material so disclosed and the identity of the person(s) to whom it was disclosed; and (c) make all reasonable efforts to retrieve all copies of documents and things containing the improperly disclosed information.

### Modifications and Survival

25. The restrictions imposed by this protective may only be modified or terminated by order of this Court. This protective order shall survive termination of this action.

### No Contract

26. To the extent that the parties have agreed on the terms of this protective order, such stipulation is for the Court's consideration and approval as an order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

DATED: *August 1*, 2008                    _____
                                                                        Magistrate Judge of the District Court

- 14 -

[PROPOSED] PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROGER PLUMLEY, | CASE NO. CV 04-2868 GHK (Ex) |
|---|---|
| Plaintiff, | |
| vs. | **ACKNOWLEDGMENT OF JOINT STIPULATED PROTECTIVE ORDER** |
| DOUG MOCKETT, an individual, DOUG MOCKETT & COMPANY, INC., a California corporation, INLAND PLASTICS, INC., a California corporation, and Does 1 through 10, inclusive, | |
| Defendants | |

### EXHIBIT "A"

This acknowledges that I have read the Protective Order entered in the above-captioned case on [fill in date Court entered Protective Order] and I agree to be bound by the terms of that Protective Order.

As a condition precedent to my receipt or review of any materials designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to that Protective Order, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of its provisions.

I further understand and agree that, in accordance with Paragraphs 8 through 10 of the Protective Order, the confidential information is being disclosed to me solely for purposes of this case, and that I am not permitted to use, and I shall not use, any of such confidential information for any purpose other than this litigation.

Date: _____    Signature: _____

Printed Name: _____