UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Plaintiff's Motion to Disqualify Defense Expert Gerald Mossinghoff and Defendants' Lead Counsel Miles & Stockbridge

    This matter is before us on Plaintiff's Motion to Disqualify Defense Expert Gerald Mossinghoff and Defendants' Lead Counsel Miles & Stockbridge ("Motion"). We have considered the papers filed in support of and opposition to this Motion and the oral arguments of counsel. The parties are familiar with the facts in the current action. Thus, we will not repeat any facts except as necessary.

    Roger Plumley ("Plaintiff") has moved to disqualify expert witness Gerald Mossinghoff who has been retained by Doug Mockett and Doug Mockett & Company ("Defendants"). Mr. Mossinghoff is Senior Counsel of Oblon, Spivak, McClelland, Maier & Neustadt, P.C. ("Oblon, Spivak"). Plaintiff's prior attorney Albin Gess consulted another Oblon, Spivak partner, Charles Gholz, during previous disputes between Plaintiff and Defendants. Plaintiff has also moved to disqualify Defendants' counsel, Miles & Stockbridge, P.C. ("M&S"). For the reasons set forth below, we grant Plaintiff's Motion to disqualify Mr. Mossinghoff, and deny the Motion to disqualify M&S.

## I.    Vicarious Disqualification

    Attorney conduct before this Court is governed by the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. Local Rule 83-3.1.2. An attorney may not, without written consent, accept employment adverse to a former client on a matter substantially related to the prior representation. *City and County of San Francisco v. Cobra Solutions, Inc.*, 135 P.3d 20, 25 (Cal. 2006) (*citing* Cal. R. Prof. Conduct 3-310, *Flatt v. Superior Court*, 885 P.2d 950, 954 (Cal. 1994)). Thus, questions for this Court are whether Mr. Gholz represented Plaintiff; whether the current representation is substantially related to Mr. Gholz's representation; whether Mr. Gholz's conflict is imputed to Mr. Mossinghoff; and whether Mr. Mossinghoff must be disqualified though he is acting as an expert rather than counsel.

### A.    Mr. Gholz's Prior Involvement with Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

The first step in this analysis requires us to determine whether Mr. Gholz represented Plaintiff. Mr. Gholz was retained not by Plaintiff directly, but by Plaintiff's prior lawyer Mr. Gess. Mr. Gess consulted with Mr. Gholz between 1996 and 2000 on litigation between Plaintiff and Defendants, specifically on a patent interference action (Patent Interference No. 103,260), the first 35 U.S.C. § 146 action (98-CV-6117 GHK), and Defendants' appeal of the first § 146 action. Mr. Gholz spent a total of 5.6 hours on Plaintiff's matters, consisting of telephone conferences with Mr. Gess, reviewing briefs and files, and performing legal research. Mr. Gholz never met or spoke directly with Plaintiff.

The California Evidence Code defines a client as "a person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity . . . ." Cal. Evid. Code § 951. Here, it is clear that Mr. Gess contacted Mr. Gholz on behalf of Plaintiff, and the work done by Mr. Gholz was for Plaintiff's benefit. Moreover, Mr. Gholz wrote an article for the October 2003 issue of *Intellectual Property Today* in which he states that he was co-counsel for Plaintiff's first § 146 appeal. (Templeton Decl. Ex. E) Thus, we conclude that Mr. Gholz represented Plaintiff.

### B.     Vicarious Conflicts of Other Firm Attorneys

A lawyer may not, absent a written waiver, accept employment adverse to the former client on a matter substantially related to the prior representation. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1146 (1999). When a lawyer is disqualified due to a conflict of interest, that conflict is typically imputed to the entire firm. *Id.* at 1139.

Two matters are substantially related if confidential information could have been disclosed. *See City Nat'l Bank v. Adams*, 96 Cal. App. 4th 315, 327 (2002). If the nature of the prior representation is such that confidential information may have been disclosed, courts will conclusively presume such information was disclosed and disqualification is required. *City Nat'l Bank v. Adams*, 96 Cal. App. 4th 315, 327 (2002). There is a limited exception to this conclusive presumption in the rare instance where the lawyer can show that there was no opportunity for confidential information to be divulged. However, this exception is not available if the former client and current client are on opposite sides of the same matter or the current matter involves the work the lawyer performed for the former client. *Id.* at 327-28

Mr. Gholz's prior representation and the present case are substantially related because they involve the same Plaintiff and same Defendant litigating over the same patent.[1] Defendants assert that the two matters are not substantially related because Mr. Gholz's representation involved issue preclusion, whereas

---

[1]The defendant in the first action was Douglas Mockett. The present action names his company as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

Mr. Mossinghoff's proffered expert testimony involves patent unenforceability. However, Mr. Gholz does not state that he *only* consulted on the issue of claim preclusion, but states only that to the best of his recollection he did not receive confidential information. (Gholz Decl. 2-3). By contrast, Mr. Gess stated that he consulted Mr. Gholz on a variety of issues and discussed strategy. (Gess Decl. 4). While the representation was limited, "[e]ven the briefest conversation between a lawyer and a client can result in the disclosure of confidences." *SpeeDee Oil*, 20 Cal. 4th at 1148 (*quoting Novo Terapeutisk Laboratorium A/S v. Baxter Travenol Laboratories, Inc.*, 607 F.2d 186, 195 (7th Cir. 1979)). Therefore, Mr. Gholz is disqualified from representing Defendants in this case.

Moreover, under the traditional California Rules of Conduct, a lawyer's entire firm is disqualified when the lawyer has a conflict. See, e.g., *SpeeDee Oil*, 20 Cal. 4th at 1139. Mr. Mossinghoff was and is an attorney with Oblon, Spivak. Indeed, the evidence shows that he was actually performing legal services as part of Oblon, Spivak at the time that Mr. Gholz was representing Plaintiff. *See In re Zurko*, 142 F.3d 1447 (Fed. Cir. 1998) (listing Mr. Mossinghoff of Oblon, Spivak as counsel). As Senior Counsel, Mr. Mossinghoff spends only one day per week at Oblon, Spivak. He is considered part of the firm for disqualification purposes. *See SpeeDee Oil*, 20 Cal. 4th 1154-55 (concluding that an of counsel attorney is considered a member of the firm for disqualification purposes). However, the Ninth Circuit has concluded that the California Supreme Court was "sending a signal" in *SpeeDee Oil* that it would accept ethical screening of conflicted lawyers rather than demand strict disqualification of the entire law firm. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

In this case, however, we find as a matter of fact that the screening procedures are ineffective. At the evidentiary hearing on this Motion, Michael McCabe, Jr., Chairman of Oblon, Spivak's Risk Management Committee, testified that the ethical wall imposed around Mr. Mossinghoff is a self-imposed restraint without constraints external to Mr. Mossinghoff.[2] Mr. Mossinghoff can access Oblon, Spivak's physical files, including Plaintiff's file before it was moved to offsite storage in 2000. Mr. McCabe could not testify as to what, if any, restrictions on the computer system prevent Mr. Mossinghoff and his assistant from accessing other lawyers' files on the Oblon, Spivak system. Moreover, while Mr. Mossinghoff has stated that he does not consult with other attorneys in forming his expert opinions, (Mossinghoff Decl. ¶ 5), there is no indication that attorneys of Oblon, Spivak do not consult, or are precluded from consulting, with him on their matters. Regardless of whether an ethical wall exception to strict firm-wide disqualification may be permitted by the California Supreme Court, the facts of this case make it unmistakably clear that no such effective measures exist at the Oblon, Spivak firm so as to prevent Mr. Mossinghoff's imputed disqualification.

---

[2] Notably absent from the evidentiary hearing was Mr. Mossinghoff. Defendants correctly point out that we did not order Mr. Mossinghoff to appear by name, but rather ordered Defendants to produce "the person most knowledgeable about the screening procedures" used at Oblon, Spivak. (Order August 28, p. 1.) If the ethical wall was self-imposed by Mr. Mossinghoff, as Mr. McCabe asserted, Mr. Mossinghoff is the person most knowledgeable about the screening procedures and should have been present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

### C. Mr. Mossinghoff as Expert Witness

Defendants argue that Mr. Mossinghoff need not be disqualified because he is acting as an expert witness rather than a lawyer. Defendants rely on *Commonwealth Ins. Co. v. Stone Container Corp.*, 178 F. Supp. 2d 938, 939 (N.D. Ill. 2001), which allowed an attorney to act as an expert witness for the plaintiff in an insurance litigation even though his firm had previously represented the defendants in a transaction. The court concluded that the expert representation did not form an attorney-client relationship, *id.* at 945, but still analyzed the representations for conflicts. *Id.* at 947-48. The court concluded that no conflicts could have arisen because the prior representation was for a single transaction, occurring in China, regarding matters "far afield" from the later insurance litigation. *Id.* at 958. We find the facts of *Commonwealth Ins.* inapposite to the instant situation. For the reasons set forth above, we conclude that the Mr. Mossinghoff's role as an expert witness is not "far afield" from Mr. Gholz's work as counsel.

In *Brand v. 20th Century Ins. Co./21st Century Ins. Co.*, 124 Cal. App. 4th 594, 599 (2004), the court concluded that an attorney who had represented the defendant in matters substantially related to the litigation at issue could not later act as an expert witness for the plaintiff. As discussed above, although
Mr. Mossinghoff did not personally represent Plaintiff, the representation is imputed to him because he was active within Oblon, Spivak and not effectively screened. Also as discussed above, the two matters are substantially related. Therefore, Mr. Mossinghoff is disqualified from acting as Plaintiff's expert witness.

### II. Miles & Stockbridge

Determining whether to disqualify a lawyer implicates the competing policy concerns of allowing a party its counsel of choice and maintaining the standards of professional responsibility. *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 846 (2006) (*citing SpeeDee Oil*, 20 Cal. 4th at 1145). The burdens borne by the client of a disqualified lawyer are heavy. *Id.* at 851. Thus, we must be mindful that a litigant may seek to disqualify opposing counsel in order to gain a tactical advantage, particularly where the sought disqualification is based on imputed conflict. *See id.* "Because of this potential for abuse, disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" *Optyl Eyewear Fashion International Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (*quoting Rice v. Baron*, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).

In *Shadow Traffic Network v. Superior Court*, 24 Cal. App. 4th 1067, 1071 (1994), the court disqualified counsel who had used a non-lawyer expert witness who had previously received confidential information from the other side. In doing so, the court posed three questions: whether the expert had received confidential information from the opposing side, whether this information was shared with counsel, and whether disqualification of counsel's entire firm was warranted. *Id.* at 1078. The court first concluded substantial evidence showed that opposing counsel had imparted confidential information to the expert. Turning to the second question, the court concluded that when the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

question is answered affirmatively, it will create a rebuttable presumption that the expert shared the confidential information with counsel. *Id.* at 1085.

The instant case differs from *Shadow Traffic* in that the expert is a lawyer. As discussed in Part I.B, where the expert is a lawyer and the prior and subsequent representations are substantially related, we may presume that the expert possesses the prior client's confidential information. However, we do not think *Shadow Traffic*'s presumption for the second question should apply to lawyers acting as expert witnesses. There, the district court did not believe that "this accounting firm, which is composed of laymen, somehow has the mental discipline not to divulge that which was confidential . . . ." *Id.* at 1078. We do believe, however, that a lawyer will have such discipline. Moreover, concluding that a lawyer possesses a prior client's confidential information is not a conclusion that the lawyer acted improperly. We are willing to impute Mr. Gholz's presumed knowledge of confidential information to Mr. Mossinghoff, but we are not willing to presume, based on such imputed but not necessarily actual knowledge, that Mr. Mossinghoff violated the rules of professional responsibility by sharing that information with Defendants' counsel.

There is no evidence that Mr. Mossinghoff disclosed any confidential information. To presume that Mr. Mossinghoff disclosed whatever was imputed to him as a result of his association with Mr. Gholz, who is presumed to have confidential information, elevates speculation and guess without a commensurate benefit to the standards of professional responsibility. Moreover, aside from the weakness of the triple-layered nature of this constructive knowledge, we are hesitant, as a matter of policy, to presume that an attorney would violate his duties under the circumstances disclosed in this case. Therefore, we decline to disqualify M&S.[3]

### III.   Conclusion

Mr. Mossinghoff is **DISQUALIFIED** from acting as Defendants' expert witness. Defendants **SHALL** have **30 days** to find a substitute expert and file the disclosures required by Federal Rule of Civil Procedure 26. Within 10 days hereof, the parties **SHALL** lodge a stipulation for a reasonable extension of the expert discovery period made necessary by Mr. Mossinghoff's disqualification. Plaintiff's Motion to disqualify Miles & Stockbridge, P.C. is **DENIED**.

**IT IS SO ORDERED.**

---

[3]Plaintiff's motion includes a rather outlandish request that we also preclude Defendants from offering any fact or expert testimony as to any topic addressed by Mr. Mossinghoff's expert report. We see no basis in law or policy to justify that overreaching request. Especially given our conclusion that Mr. Mossinghoff should not be Defendants' expert witness, on the basis of vicarious disqualification, there is no reason that a totally untainted expert should not be permitted to assist Defendants. We make it clear, nevertheless, that we do not intimate any opinions as to the propriety or admissibility of any expert testimony on the proffered issues. We leave that decision to another day.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2868 GHK (Ex) | Date | December 22, 2008 |
|---|---|---|---|
| Title | *Roger Plumley v. Doug Mockett & Company, Inc. Et al.* | | |

                                                                        :

Initials of Deputy Clerk    AB for Bea