Sanford Astor (State Bar No. 34210)
astor@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

James T. Carmichael (State Bar No. 131497)
jcarmichael@milesstockbridge.com
MILES & STOCKBRIDGE, P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102-3833
Telephone: (703) 903-9000
Facsimile: (703) 610-8686

Attorneys for Defendants Doug Mockett &
Company, Inc., Doug Mockett and
Inland Plastics, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER PLUMLEY<br><br>Plaintiff,<br><br>-vs-<br><br>DOUG MOCKETT, an individual, DOUG MOCKETT & COMPANY, INC., a California corporation, INLAND PLASTICS, INC., a California corporation, and Does 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED ACTION. | Case No. CV 04-2868 GHK (Ex)<br><br>**RESPONSE AND CONDITIONAL OPPOSITION OF DEFENDANTS DOUG MOCKETT COMPANY, INC., DOUG MOCKETT, AND INLAND PLASTICS, INC. TO MOTION OF MILES & STOCKBRIDGE, P.C. TO BE RELIEVED AS COUNSEL OF RECORD; DECLARATION OF DOUGLAS A. J. MOCKETT; DECLARATION OF JONATHAN B. COLE**<br><br>Date: December 21, 2009<br>Time: 9:30 a.m.<br>Crtrm: 650<br><br>Trial Date: None Assigned |

4815-4885-5813.1

## I. INTRODUCTION

The motion of Miles & Stockbridge, P.C. ("M&S") to be relieved as counsel of record is an unfortunate and unnecessary occurrence. While there are ongoing disputes between M&S and their clients, they are by no means the one-sided failure and refusal to pay as portrayed by M&S. They involve completely meritorious concerns regarding the propriety and legitimacy of substantial portions of M&S's bills, as supported by pre-eminent experts. More importantly, however, there was no reason to air this dispute with the Court, as Defendants Doug Mockett & Company, Inc., Doug Mockett and Inland Plastics, Inc. (jointly "Mockett" or "the Defendants") are amendable to M&S being relieved so long as certain crucial conditions are in place in order to prevent undue prejudice to the Defendants. Those conditions are as follows:

1. M & S continues to serve as counsel for the Defendants until each and every aspect of the pending summary judgment proceedings has been fully and completely resolved, including any hearing, supplemental briefing, or any other event or occurrence; and

2. Any trial of the matter shall commence no earlier than October 15, 2010, so that new counsel can fully prepare and avoid undue prejudice to the Defendants.

Specifically, M & S has represented the Defendants in aspects of this dispute for over ten years. Attorneys' fees paid are well in excess of millions of dollars. The Defendants have a conditional agreement with the firm of Nemecek & Cole, A Professional Corporation, to represent them in this matter. The conditions for Nemecek & Cole's entry into the case are precisely those set forth above. The work necessary to come up to speed and to competently represent the Defendants at trial of this matter, if same is necessary, is immense. Nemecek & Cole is willing and able to undertake the task, but needs sufficient lead time not only to come up to speed in the case, but to work with the firm's already booked-up trial calendar to assure that the Defendants will have the highest level of legal representation in order to avoid undue

prejudice from M&S's departure. See Declaration of Douglas A. J. Mockett and Declaration of Jonathan B. Cole.

Accordingly, if the Court is inclined to grant M & S' motion to be relieved, it should be subject to the two conditions set forth above. Otherwise, the motion should be denied.

## II. SUMMARY OF KEY FACTS AS TO THE MOTION TO BE RELIEVED

Because of this Court's long exposure to this case, and the limited scope of the instant motion, no extensive factual discussion is necessary. Suffice it to say, M&S has represented the Defendants in one form or another with regard to this dispute for a period of over ten years. In that time frame, the firm has obviously amassed a tremendous amount of knowledge, background and experience with respect to the dispute. The dispute and all of the related litigation in various forms are part of an extremely complex and convoluted factual and legal pattern. The documentation relative to this dispute is exceptionally voluminous. Most recently, M&S has handled all aspects of the pending summary judgment proceedings.

Attorneys' fees paid to the Miles & Stockbridge over the years have been in the millions of dollars. Serious disputes have arisen concerning the propriety and legitimacy of substantial portions of M&S's bills. The impression left in the motion that the Defendants somehow are unwilling to pay their legitimate obligations is patently false. While the Defendants have chosen not to air the specific nature of the billing disputes, suffice it to say that their position as to the propriety and legitimacy of substantial portions of the bills is supported by the thorough analysis and opinions of pre-eminent experts in the field of legal bills and attorney billing. The Defendants' position in the billing disputes is entirely meritorious. However, M&S and the Defendants have been and continue to be in the process of working through their challenges and disagreements, and it was unfortunate and was unnecessary for M&S to air those disputes in any degree before this Court.

//

4815-4885-5813.1

1  The Defendants are willing, under appropriate circumstances, to allow M & S to
2  be relieved. However, unless important conditions are in place, it is respectfully
3  submitted that gross undue prejudice will result if the motion to be relieved is granted.
4  Specifically, the Defendants are in contact with Nemecek & Cole, A
5  Professional Corporation, to come into the case to represent the Defendants in the
6  action. Nemecek & Cole has represented the Defendants in limited, isolated portions
7  of the dispute, including the successful defense of Plaintiff's malicious prosecution
8  action arising out of related interference proceedings. However, the firm has not been
9  exposed to the extremely broad scope of documentation or of the full nature and extent
10 of the dispute. Nemecek & Cole also is a considerably smaller law firm than M&S,
11 consisting of 21 attorneys. Lead counsel, Jonathan B. Cole, likewise has an
12 exceptionally crowded trial schedule through September 2010, and the firm is only
13 able to step in on behalf of the Defendants if M&S is able to complete all aspects of
14 the pending summary judgment proceedings, and if any trial of the matter is not set to
15 proceed before October 15, 2010.

### III. M & S SHOULD NOT BE RELIEVED AS COUNSEL OF RECORD UNLESS THE REQUESTED CONDITIONS ARE INCLUDED IN THE ORDER.

19 Even with the client's consent, an attorney may not withdraw as counsel except
20 for leave of court. Central District of California Rule 83-2.9.2.1. Particularly where
21 there may be delays resulting from withdrawal of counsel, no substitution may be
22 permitted absent a showing of good cause, and that the ends of justice require the
23 withdrawal. Rule 83-2.9.2.4. While a client's failure to pay agreed upon attorneys'
24 fees may be a ground for an attorney to withdraw (*Statue of Liberty-Ellis Island*
25 *Foundation, Inc. v International United Industries, Inc.* S.D.N.Y. (1986) 110 F.R.D.
26 395, 397), the fee disputed in this case is by no means a failure to pay legitimately
27 owed attorneys' fees. There is a significant fee dispute which the Defendants and their
28 counsel had been endeavoring to resolve. M&S' claim that the Defendants are in

breach of contract is patently false, and entirely disputed. The mere existence of such a dispute concerning whether fees are owed is not a sufficient basis to allow M&S' withdrawal, at least not unconditionally. That is particularly true in light of the fact that Defendant Doug Mockett & Company, Inc. and Inland Plastics, Inc., are corporate entities which cannot represent themselves in pro per in these proceedings.

It is well-established that courts have full power to impose conditions upon the granting of motions, including motions to withdraw. The instant case presents a tailor-made situation where the motion to withdraw should be denied unless certain conditions are imposed, as addressed hereinabove. If M&S is to be permitted to withdraw, it must be on condition that M&S be required to continue representing the Defendants until each and every issue with regard to the pending summary judgment proceedings are fully and completely resolved. Further, the granting of the motion should be on the condition that the trial of this matter not be set at any time prior to October 15, 2010, in order to accommodate the entry of new counsel, Nemecek & Cole, into the case, and to allow said counsel to fully prepare for trial.

## IV. CONCLUSION

For all of the reasons stated herein, and as supported by the accompanying Declarations, any relief of M&S as counsel of record should be conditioned upon the firm's completion of any and all aspects of the pending summary judgment proceedings, as well as the trial in this matter not being set before October 15, 2010. Under any other circumstances, the motion for relief should be denied by the Court.

DATED: December 4, 2009

LEWIS, BRISBOIS, BISGAARD &SMITH

By _____
SANFORD ASTOR
Attorneys for Defendants

-5-

## DECLARATION OF JONATHAN B. COLE

I, Jonathan B. Cole, declare:

1. I am an attorney at law licensed to practice before all the Courts of the State of California, the Federal Courts of the State of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I have personal knowledge of the following facts and could competently testify if called as a witness.

2. I have represented Douglas Mockett and Doug Mockett & Company, Inc. ("Mockett"), in a few isolated matters over the last several years. Some of those involved a dispute between Mockett and Roger Plumley. However, my involvement, and that of my firm, has been limited to related litigation arising out of the dispute, including the successful defense of a malicious prosecution action arising out of the interference proceedings before the Patent Board. In that process, my firm has gained only a general working knowledge of the dispute. However, it is my estimation and belief that in order to acquire the necessary background, experience and knowledge necessary to adequately represent the Defendants in this dispute, we will need many months of preparation, review, research and consultation.

3. I personally have been specifically requested to try the case. My trial schedule for 2010 is extremely congested. I have a series of state and federal trials, with very little respite through September of 2010. I am only able to undertake the representation of the Defendants in this action if any trial in the action were scheduled after October 15, 2010.

4. I am informed that there are pending summary judgment proceedings before this Court, which have been fully briefed, and which the Court is considering at present, with at least the present determination not to conduct oral argument. All aspects of the summary judgment on behalf of the Defendants, both in terms of defending against the Plumley motion and in pursuit of the Mockett motion, have been handled by the Miles & Stockbridge firm ("M&S"). A condition to my firm's coming into the case is that M&S must handle each and every aspect of the pending

summary judgment proceedings, through any oral argument, further briefing, or anything else that may occur in connection with those proceedings.

5. My firm consists of 21 lawyers. While we are able to handle a case of this magnitude, we are unable to staff it with the depth of attorneys that would permit us to handle any aspect of remaining summary judgment proceedings, or to proceed to trial without many additional months of preparation.

6. It is therefore respectfully requested that M&S's being relieved as counsel be conditioned upon that firm's handling of all aspects of the pending summary judgment proceedings to absolute completion, and that no trial in the matter be set before October 15, 2010. Under those circumstances, my firm is willing and able to undertake the representation the Defendants in this action.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this December 4, 2009, at Sherman Oaks, California.

_____
JONATHAN B. COLE

## DECLARATION OF DOUGLAS A. J. MOCKETT

I, Douglas A. J. Mockett, declare:

1. I am Chief Executive Officer and Chairman of the Board of Doug Mockett & Company, a California corporation. I have personal knowledge of the following facts and could competently testify if called as a witness.

2. The firm of Miles & Stockbridge, has represented Doug Mockett & Company, Inc., and myself in our dispute with Roger Plumley in various forms for well over ten years. The firm has been paid in the millions of dollars in attorneys' fees during the course of their legal representation.

3. There have been and continue to be disputes with the Miles & Stockbridge firm over the propriety and legitimacy of substantial portions of their legal bills. We have worked diligently, and continue to work diligently to resolve those disputes. We can, have and will continue to pay legitimately incurred legal bills. It is by no means a matter of our unwillingness or inability to pay reasonable and good faith legal expenses. Rather, we have a substantial, entirely meritorious claims of billing impropriety, backed by analysis and opinions of noted experts in the field of legal bills and billing.

4. It was surprising and disappointing that M&S would misrepresent the dispute about the propriety and legitimacy of its bills. It is also disappointing that M & S would choose to publicly air this dispute by moving to withdraw, and abandon us in that way. We have made significant progress toward resolution of the fee dispute, and fully expected that the matter would be resolved without the necessity of any court involvement.

5. As a result of the motion to withdraw, we have sought to engage replacement counsel, if necessary. In this process, we have determined that the firm of Nemecek & Cole, A Professional Corporation, is willing to enter the case to represent the Defendants under certain conditions. As affirmed by the accompanying Declaration of Jonathan B. Cole, the firm is unable to represent the Defendants unless

-8-

4815-4885-5813.1

the Miles & Stockbridge is able to complete any and all aspect of the pending summary judgment proceedings, and if the trial of this matter is not set before October 15, 2010. Under those circumstances, Nemecek & Cole is willing to enter the case in place of M & S.

6. The Defendants therefore respectfully request that either the motion be denied, or it be granted subject to the two conditions requested herein.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this December 6, 2009, at Torrance, California.

DOUGLAS A. J. MOCKETT

---

1526010P.1.opp.wpd    —9—
DEFENDANTS' RESPONSE & CONDITIONAL OPPOSITION TO MOTION etc.